IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATE MOORE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| | CIVIL ACTION NO: |
| | ) _____ |
| v. | ) ) |
| FACTS ON DEMAND, INC., | ) ) ) |
| Defendant. | ) ) ) |

**CLASS ACTION COMPLAINT**

1. Plaintiff Kate Moore, individually and on behalf of all others similarly situated, brings this action against Defendant Facts on Demand, Inc. ("FOD") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. This is a consumer class action based upon Defendant's willful violation of the FCRA.  Plaintiff brings this action on behalf of hundreds, if not thousands, of employment applicants throughout the country who have been the subject of unfair, prejudicial, misleading and illegal background reports performed by Defendant and sold to employers.  Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting outdated adverse public record information that is required to be excluded from the consumer reports that it sells.

3. Defendant's practice harms consumers seeking employment by prejudicing their employers and prospective employers with outdated, adverse information, and also harms interstate commerce as a whole.

4. The prejudice caused by the erroneous reporting of outdated adverse public record information is exacerbated by Defendant's failure to notify the consumer contemporaneously of the fact that the erroneous outdated information is being sent to an employer or prospective employer.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events that give rise to the claim occurred in this district and division.

## PARTIES

7. Plaintiff is an adult individual residing in Georgia.

8. At all times relevant hereto, Plaintiff has been a "consumer" as defined by section 1681a(c) of the FCRA.

9. Defendant is a Georgia corporation that conducts business throughout the United States, including in the Northern District of Georgia.

10. At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

11. Defendant is a person which, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating information on consumers for the purpose of furnishing consumer reports to third parties.

12. According to Defendant's website, Defendant "offers national background checks and employment screening services to all industries." https://www.factsondemand.com/, last visited May 8, 2024.

13. Defendant uses interstate commerce for the purpose of preparing or furnishing consumer reports.

14. Defendant sells consumer reports in many states, including Georgia, and produces consumer reports on Georgia residents.

15. Defendant investigates and reviews criminal record databases and maintains consumer files which contain criminal record information on individuals.

16. Defendant assembles and sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various employees and job applicants.

17. According to Defendant's website, Defendant "follows strict regulatory requirements for consumer reporting agencies" and it "complies with all state and

federal guidelines and the Fair Credit Reporting Act (FCRA)." https://www.factsondemand.com/privacy.htm, last visited May 8, 2024.

## FACTUAL ALLEGATIONS

18. The FCRA regulates, among other things, the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

19. When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required to exclude adverse items of information, including records of arrest, which antedate the consumer report by more than seven years. *See* 15 U.S.C. § 1681c(a)(5).

20. Adverse items of information, such as records of arrest which antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more. *See* 15 U.S.C. § 1681c(b)(3).

21. Despite these clear and unambiguous requirements of the FCRA, Defendant sells adverse items of information, including records of arrest, which predate the consumer report by more than seven years, before Defendant knows or would have any reason to know that the consumer credit report is being used in connection with the employment of an individual who meets the FCRA salary threshold requirement of an annual salary of $75,000 or more.

22. Defendant is aware of its obligation to exclude from consumer reports non-conviction criminal record information that antedates the consumer report by more than seven years.

23. On Defendant's website when describing its "Federal Criminal Records Search" product, Defendant informs customers that "[i]n Accordance with the Consumer Reporting Employment Clarification Act of 1998 we will not be able to provide certain information to our clients to be in compliance with 605(a)(5). The following is a summary of services that have been restricted from dissemination: (A) Civil suits, civil judgments, records of arrest, paid tax liens, bad debts, and any other adverse items of information, except criminal conviction may only be reported for seven (7) years…" https://www.factsondemand.com/faq.htm, last visited May 10, 2024.

24. Despite being well aware its legal obligations, based on a common policy and practice, Defendant regularly and unlawfully reports outdated criminal records.

25. Defendant's practice not only violates the FCRA as a matter of law, it also exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal records that are required by law not to be reported, they are viewed as less desirable job applicants

and more likely not to be hired or continue to be employed by the employers who pay Defendant for such reports.

26. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report because it has already been sold to the employer by Defendant and has formed the basis of a decision to hire the applicant.

27. Despite its duties to refrain from reporting outdated adverse information, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards this duty, in violation of the FCRA.

28. Defendant has been sued previously for violating Section 1681c(a) of the FCRA. *Martinez v. Diverse Staffing Services, Inc.*, Case No. 1:23-cv-00606-LMM (N.D. Ga. 2023).

Facts Specific to Ms. Moore

29. In about November 2022, Impact OutSourcing Solutions purchased a consumer report on Ms. Moore from Defendant.

30. Impact OutSourcing Solutions purchased the consumer report to evaluate Ms. Moore for employment purposes, for a job with an annual salary which was less than $75,000.

31. The consumer report that Impact OutSourcing Solutions purchased from Defendant consisted of three parts: "Criminal Search Results," "Nationwide Criminal Database," and "Federal."

32. For each of these parts, Defendant conducted a search for information about Ms. Moore, and obtained information from different sources and databases.

33. One of those sources was the Georgia Crime Information Center ("GCIC").

34. To create its consumer report, Defendant assembled the information from the different sources, including the GCIC, into a single document.

35. With respect to the information it obtained from the GCIC, Defendant copied the information it received in its entirety into its consumer report.

36. With respect to the other sources from which it obtained Ms. Moore's information, Defendant copied the information from those sources in their entirety into the consumer report.

37. Defendant furnished that consumer report to Impact OutSourcing Solutions in November 2022.

38. Defendant did not notify Ms. Moore of the fact that it was reporting public record information about her at the time it furnished the consumer report to Impact OutSourcing Solutions.

39. The consumer report that Defendant furnished to Impact OutSourcing Solutions was a written communication of information bearing on Ms. Moore's character and general reputation that was used or expected to be used or collected in whole or in part for the purpose of serving as a factor for establishing Ms. Moore's eligibility for employment purposes.

40. The consumer report that Defendant furnished to Impact OutSourcing Solutions contained public record information likely to have an adverse effect on Ms. Moore's ability to obtain employment.

41. The consumer report that Defendant furnished to Impact OutSourcing Solutions contained several adverse items of criminal record information that antedated the report by more than seven years, and that did not consist of conviction-related information.

42. For example, Defendant reported that Ms. Moore had a charge of "Marijuana-Possess Less than 1 Oz." with a disposition of "NOLLE PROSEQUI/NOLLE PROSSED (2011-09-07; Dismissed)."

43. As another example, Defendant reported that Ms. Moore had a charge of "Willful Obstruction of Law Enforcement Officer" with a disposition of "DISMISSED (2011-02-28; Dismissed)."

44. These charges consisted of adverse information.

45. Ms. Moore had not been convicted of these charges.

46. These charges antedated Ms. Moore's consumer report by more than seven years.

47. These charges should not have been reported in Ms. Moore's consumer report.

48. Defendant knew that the charges antedated the report by more than seven years based on the information on face of the consumer report.

49. The harm suffered by Ms. Moore as a result of Defendant's actions and omissions was particularized and concrete as she was unable to start her job as a result of Defendant's conduct.

50. Congress has long provided in the FCRA for the rights of plaintiffs to be free from the reporting of inaccurate information about them. Such inaccurate and defamatory reporting, as performed by Defendant in this case, is also grounded in the common law tort of libel and invasion of privacy. Defendant published and sold information labeling Ms. Moore as having felony and misdemeanor charges when those charges had long since been dismissed.

51. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth in the FCRA, and further assumed an unjustifiably high risk of harm.

## CLASS ALLEGATIONS

52. Plaintiff brings this action individually and pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All natural persons residing within the United States and its Territories (i) beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) about whom Defendant furnished a consumer report, (iii) whose consumer report contained any non-conviction criminal record which antedated the report by more than seven years.

53. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

54. Courts have certified similar Section 1681c(a) classes. *See, e.g., Wentworth v. Metrodata Servs., Inc.*, No. 1:17-CV-594, 2020 WL 13527954, at *2 (W.D.N.Y. Nov. 9, 2020) (granting class certification on Section 1681c(a) class); *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, at *6 (N.D. Cal. July 26, 2016) (same).

55. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of all is impractical. Upon information and belief, the

number of job applicants and employees harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

56. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others, whether Defendant willfully violated Section 1681c(a) by reporting criminal record information other than records of convictions that antedated the consumer report by more than seven years.

57. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

58. **Adequacy**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests are aligned with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

**Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## FIRST CLAIM FOR RELIEF
### (15 U.S.C. § 1681c(a))

59.  Plaintiff realleges Paragraph Nos. 1-____ as if fully set forth herein.

60. The FCRA prohibits CRAs from reporting adverse information, other than records of convictions of crimes, that antedate the consumer report by more than seven years. 15 U.S.C. § 1681c(a).

61. Defendant violated Section 1681c(a) by reporting non-conviction criminal record information about Plaintiff and similarly situated individuals that antedated the report by more than seven years.

62. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

63. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

64. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and similarly situated individuals of their rights under the FCRA.

65. Defendant's violation of 15 U.S.C. § 1681c was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.

66. Additionally, Plaintiff and similarly situated individuals are entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. §

1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. Actual, statutory and punitive damages to be determined by the jury;

c. Attorneys' fees;

d. Costs of the action;

e. Such other relief as the Court deems just and proper.

Dated: May 20, 2024

By: /s/ Andrew Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568

WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@wsjustice.com
js@wsjustice.com

COUNSEL FOR PLAINTIFF